*RICHARDSON & AL.* vs. *WESTON.*

APPEAL from the court of the first district.

A factor who extends the time of credit, makes himself personally responsible.

PORTER, J., delivered the opinion of the court. In this action the plaintiffs claim a balance of $2880 40, which they aver the defendant, as surviving partner of the house of Weston & Son, owes them for monies paid and advanced on account of that firm.

The general issue was pleaded, and the
cause submitted to a jury who found for the defendant.   The plaintiffs appealed.

The case has been submitted to us without argument.

The principal question contested on the trial in the court below, was the responsibility of the plaintiffs in their capacity as factors, for having in one instance extended the credit given to a purchaser of goods belonging to the firm of Weston & Son,—and in the other, for having made a sale out of the usual course of business, and neglecting to use due diligence to recover the debt.

It does not appear to us the jury erred in their conclusions on both these points, nor in their decision that the plaintiffs had failed to make out their case.

The appellee has prayed, the judgment of the court below should be affirmed with damages.   On a view of the whole circumstances attending the transaction, we do not think they should be given.   The case, though correctly decided on legal principles, is a hard one on the plaintiffs; for the evidence does not show they acted in bad

RICHARDSON
& AL.
vs.
WESTON.

faith.   Some doubt may have perhaps existed as to the correctness of the judgment of the inferior court, in relation to the responsibility of the plaintiffs, on the claim of defendant for the merchandise sold to Nisbet, and Sanguinet & Bright.   It is also not unworthy of consideration in deciding on this demand, that the action was commenced by attachment, in which the plaintiffs gave bond with security; and that in addition to the damages which we might give, they would still be responsible on their obligation.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Maybin* for the plaintiffs, *Eustis & Strawbridge* for the defendant.